

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00039-CV

_____

IN THE MATTER OF THE MARRIAGE OF
KAYVAN KAMALI AND BANAFSHEH SAFAR ALIZADEH
AND IN THE INTEREST OF K. T. K., A CHILD

On Appeal from the 307th Judicial District Court
Gregg County, Texas
Trial Court No. 2010-1347-DR

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Dr. Kayvan Kamali sponsored the immigration of Banafsheh Safar Alizadeh from Iran to the United States of America and married her. The marriage had lasted only about two and one-half years when Kamali sought a divorce.[1] Under an affidavit for sponsorship of an alien seeking residency in the United States, the sponsor is required to execute an affidavit pledging to provide support at a level not less than 125% of the United States poverty level for an unlimited period, the obligation for support terminating only upon the occurrence of any of five specified events. 8 U.S.C.A. § 1183a (West, Westlaw current through 2011); 8 C.F.R. 213a.2 (West, Westlaw current through 2011). In the divorce decree, the trial court acknowledged the existence of the affidavit for support, but decreed that the obligation for support ended after thirty-six months from the date of entry of the divorce decree. Alizadeh's appeal complains the trial court erred by limiting Kamali's support payments to a period of thirty-six months.[2] We sustain Alizadeh's point of error.

**Affidavit of Support**

United States immigration law provides a procedure for a resident of the United States to sponsor a noncitizen for immigration into the country. As a condition precedent to granting

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]In the prayer for relief on appeal, Alizadeh also requested a remand to the trial court to determine attorney's fees on appeal. However, this issue was not briefed, and this request was withdrawn on oral argument.

immigration status, the government requires the sponsor to execute an affidavit (Form I-864 Affidavit of Support), wherein the sponsor promises to support the immigrant seeking admission to the United States at a level not less than 125% of the national poverty level. *Id.* The sponsor's obligation to support the immigrant continues until one of the following circumstances occurs: (1) either the immigrant or the sponsor dies, (2) the immigrant achieves citizenship, (3) the immigrant leaves the United States and does not return, or (4) the immigrant maintains employment that qualifies for Social Security for a total of forty quarters of years. *Id.*; 8 C.F.R. 213a.2. The instructions for completing the form specifically state that "[d]ivorce does not end the sponsorship obligation."

Kamali completed such an affidavit of support in order to secure Alizadeh's entry into the United States.[3] The parties married in December 2007 and separated in June 2010, precipitating the filing of a divorce by Kamali that same month. At trial, Alizadeh presented testimony from an immigration attorney, Jose Sanchez, who explained the workings of the affidavit of support and discussed caselaw interpreting the document and its statutory authorization. Sanchez explained that the duty to support a sponsored immigrant expires only upon one of the terminating events described above, specifically mentioning that a divorce does not terminate a sponsor's obligation of support. Alizadeh also presented testimony from an accountant who said that based on the United States poverty level available from the most recent data, 125% of that level was $1,128.13.

---

[3]Although neither party could produce the affidavit of support at trial, Kamali did not dispute having executed it; it appears from the record the parties had requested a copy from the Immigration and Naturalization Service, but had not received it at the time of trial.

The portion of the divorce decree entered by the trial court which dealt with the obligation of Kamali to make support payments to Alizadeh reads as follows:

> Affidavit of Support and Other Tort or Contract Claims Asserted by Banafsheh Safar Alizadeh
>
> The Court finds that Kayvan Kamali contractually obligated himself to support of Banafsheh Safar Alizadeh, including but not limited to, the claim under Form I-864, Affidavit of Support.   Kayvan Kamali will pay to Banafsheh Safar Alizadeh the sum of $1100.00 per month for a period of 36 months, which sum may be prepaid at any time in the total amount of $39,600.00, with the first monthly installment being due and payable on December 1, 2010, and a like payment of $1100.00 being due and payable on the same day of each month thereafter until the expiration of 36 months or until the whole of such sum is paid in full.[4]

Although we have found no Texas or United States Fifth Circuit cases specifically interpreting or enforcing the affidavit of support,[5]   some federal courts in other circuits across the country have addressed the impact of such an affidavit.   An affidavit of support creates "a legally enforceable contract between the sponsor and both the United States Government and the sponsored immigrant." *Shumye v. Felleke*, 555 F. Supp.2d 1020, 1022–24 (N.D. Cal. 2008) (citing *Schwartz v. Schwartz*, No. CIV-04-770-M, 2005 WL 1242171 (W.D. Okla. May 10,

---

[4]At oral argument, Alizadeh indicated that the $1,100.00 per month figure representing 125% of the federal poverty guideline levels at the time of the divorce was not in controversy.

[5]However, one court did decline to address a wife's claim that the husband should have been ordered to make support payments to her in the divorce decree; the petition only sought a divorce.   The final decree of divorce was modified to state that nothing in the decree barred the wife from seeking to enforce the affidavit of support executed by the husband.   *Varnes v. Varnes*, No. 13-08-00448-CV, 2009 Tex. App. LEXIS 2791, at **17–20 (Tex. App.—Corpus Christi Apr. 23, 2009, no pet.) (mem. op.).

4

2005)).[6]    As stated in the instructions regarding the affidavit, divorce is not among the conditions which terminates a sponsor's obligation.    *Id.* at 1024; *see also Moody v. Sorokina*, 830 N.Y.S.2d 399, 402 (N.Y. App. Div. 2007) (sponsored immigrant's right to support under Form I-864 affidavit of support is unaffected by a judgment of divorce—the action was transferred to another court, which entered the divorce, then severed it for separate trial on custody and maintenance).

Further, the Tennessee Court of Appeals addressed an ex-husband's argument that he had no obligation under such an affidavit of support to make payments to his ex-wife until she made a showing she had received public benefits.    The court found that the affidavit establishes a duty to support the sponsored immigrant without such a showing as a prerequisite, and the duty of the obligor is enforceable as a contract.    *Baines v. Baines*, No. E2009-00180-COA-R3-CV, 2009 Tenn. App. LEXIS 761, at **12–13 (Tenn. Ct. App. Nov. 13, 2009).

**Kamali's Contractual Duty**

The question before us is whether the trial court's order complied with the terms of the contract, i.e., the affidavit of support.

The obligation for the sponsoring affiant to support the sponsored immigrant clearly ceases only upon the occurrence of one of a few terminating events enumerated above.    *See* 8 U.S.C.A § 1183a; 8 C.F.R. 213a.2(e)(2)(i), (ii).    Divorce of the obligor from the obligee is not among those terminating events; specifically, the instructions to the affidavit of support clearly exclude divorce

_____

[6]The instructions to complete the affidavit also state:  "This form is a contract between a sponsor and the U.S. Government."

5

as an event precipitating a termination of the obligation. The affidavit of support was a contract between Kamali and the United States government, enforceable by Alizadeh.[7] 8 U.S.C.A. § 1183a(a)(1)(B). The trial court's order, limiting payments to an arbitrary period of thirty-six months, runs afoul of the terms of the contract. Thus, the trial court erred by including the limiting provision on the length of payments.

We, therefore, strike the paragraph of the decree of divorce entitled "Affidavit of Support and Other Tort or Contract Claims Asserted by Banafsheh Safar Alizadeh" and substitute the following in its stead: "The court finds that Kayvan Kamali contractually obligated himself to support Banafsheh Safar Alizadeh under the terms of Form I-864, Affidavit of Support. The parties do not contest the finding that the payment of $1,100.00 per month satisfies the current obligation as it existed on December 13, 2010."

Having found error in part, the judgment is reversed in part, and we render judgment that Kamali is obligated under the terms of his agreement with the federal government concerning Alizadeh's immigration. The judgment, as reformed, is otherwise affirmed.

Bailey C. Moseley
Justice

---

[7]It would appear that this is a contract between the United States government and the sponsoring affiant with the immigrant being the third-party beneficiary of that contract.

Date Submitted:     November 16, 2011
Date Decided:       December 7, 2011